FILED

98 AUG 10 AM 10: 08

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

AUG 1 0 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DERYL ALEXANDER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 97-L-2872-E |
| | ) | |
| KIMBERLY-CLARK CORPORATION, a corporation; KIMBERLY-CLARK CORPORATION HOURLY EMPLOYEES' STANDARD RETIREMENT PLAN, a welfare benefit and/or pension plan, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

In a complaint filed on October 30, 1997, plaintiff Deryl Alexander alleges that his former employer, Kimberly-Clark Corporation (Kimberly-Clark) denied his 1994 application for disability retirement benefits under the Kimberly-Clark Retirement Plan. Summary judgment is due to be granted as to plaintiff's breach of contract claim because it is preempted by ERISA and as to plaintiff's ERISA claim because plaintiff cannot show that the decision to deny his disability retirement benefits was arbitrary and capricious.

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed.

1

R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1437 (11th Cir. 1991). The evidence of the non-movant is to be believed, and the court is not to engage in jury functions such as determining credibility and weighing the evidence. Four Parcels, 941 F.2d at 1437. However, when the non-movant bears the burden of proof at trial and a motion for summary judgment has been made, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If, on any part of the prima facie case, there would be insufficient evidence to require submission of the case to a jury, summary judgment is appropriate. Earley, 907 F.2d at 1080. As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has stated any claim under which he can recover.

At oral argument, the court announced its intention to dismiss plaintiff's claim ex contractu. Clearly, the denial of plaintiff's contractual claim to retirement benefits as it relates to Kimberly-Clark's plan is preempted by ERISA. Section 514 of ERISA states that ERISA will "supersede any and all State laws" to the extent that those laws "relate to" an employee benefit plan that is subject to ERISA. For purposes of ERISA preemption, a state law "relates to" an employee benefit plan if it has a connection with or a reference to such a plan. Metropolitan Life Ins. Co. v.

2

Massachusetts, 471 U.S. 724, 739 (1985). In Pilot life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the Supreme Court described the "expansive sweep" of ERISA's preemption clause:

> [T]he phrase "relate to" was given its broad common-sense meaning, such that a state law "relate[s] to" a benefit plan in the normal sense of the phrase "if it has a connection with or a reference to such a plan." In particular, we have emphasized that the pre-emption clause is not limited to "state laws specifically designed to affect employee benefit plans."

Pilot Life, 481 U.S. at 47-48 (citation omitted).

Summary judgment is also due to be granted as to plaintiff's ERISA claim because the decision to deny disability benefits was not arbitrary and capricious. Plaintiff was employed with Clark's Coosa Pines Mill from November 21, 1977 to July 10, 1990. While an employee, plaintiff was covered under Clark's disability plan. He was fired by defendant on July 10, 1990 because he had threatened the lives of co-workers at the Coosa Pines Mill, and because he had an unacceptable attendance record. No mention was made of disability at that time.

On May 18, 1994 plaintiff submitted an application for disability retirement benefits,[1] stating that he became totally and permanently disabled on June 29, 1990 (his last working day at the Coosa Pines Mill) due to chronic back pain and dysthymia. In order to be eligible for benefits, the Plan required that "the

---

[1] Plaintiff made no claim for denial of benefits for almost four years after Clark fired him. At the hearing on the motion for summary judgment the plaintiff was not present either in person or by affidavit to justify this delay. What happened between his termination in June, 1990 and May, 1994? It may be that the answer lies with plaintiff's continuing use of cocaine, marijuana, pain killers, alcohol, and muscle relaxers.

termination of [an employee's] employment shall be by reason of his having become <u>Totally and Permanently Disabled</u>," and the employee's employment at Kimberly-Clark must have ended because of the disability. The Plan defines Totally and Permanently Disabled as:

> A condition arising out of injury or disease which the Committee determines is permanent and prevents an <u>Employee</u> from engaging in any occupation with his <u>Employer</u> commensurate with his education, training and experience, excluding (i) any condition incurred in military service (other than temporary absence on military leave) if the <u>Employee's</u> service is not resumed at the end of his military service, (ii) any condition incurred as a result of or incidental to a felonious act perpetrated by the <u>Employee</u>, and (iii) any condition resulting from excessive use of drugs or narcotics or from willful self-inflicted injury.

In determining whether the motion for summary judgment should be granted as to plaintiff's claim for benefits, the claim decision "is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989).

The disability policy at issue <u>sub judice</u> states:

> The [Retirement] Committee shall have all such powers as may be necessary to discharge its duties which are as follows: to construe or interpret the Plan, to determine all questions of eligibility, to compute the amount and determine the method of payment of any <u>Benefits</u> and to perform such other duties as are delegated to it under the Plan or Trust or may from time to time be delegated by the Retirement Trust Committee.... All rules and decisions of the Committee shall be uniformly and consistently applied to all <u>Employees</u> and <u>Pensioners</u> under this Plan in similar circumstances and shall be conclusive and binding upon all persons affected by them.

The Eleventh Circuit has held that the arbitrary and

4

capricious standard of review applied to a Blue Cross policy which stated, "As a condition precedent to coverage, it is agreed that whenever [Blue Cross] makes reasonable determinations which are not arbitrary and capricious in the administration of the [plan]..., such determinations shall be final and conclusive." Lee v. Blue Cross/Blue Shield of Alabama, 10 F.3d 1547, 1549-50 (11th Cir. 1994); Brown v. Blue Cross and Blue Shield of Alabama, Inc., 898 F.2d 1556, 1559 (11th Cir. 1990), cert. denied, 498 U.S. 1040 (1991). While the passage at issue in this case is not identical to those which have been held to confer arbitrary and capricious review, the gist is the same. Thus, plaintiff's claim for benefits is subject to review under the arbitrary and capricious standard.

The arbitrary and capricious standard requires the court to look only to the facts known to the defendants at the time the decision was made to deny benefits to plaintiff. Lee, 10 F.3d at 1550; Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1139 (11th Cir. 1989). First, the court must determine if plaintiff has proposed a sound interpretation of the plan to rival the interpretation of the defendants. Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1481 (11th Cir.), cert. denied, 115 S. Ct. 2002 (1995); Lee, 10 F.3d at 1550; Brown, 898 F.2d at 1570. If the claimant has established a reasonable interpretation, the court must determine whether defendants were arbitrary and capricious in adopting a different interpretation. Florence Nightingale, 41 F.3d at 1481; Lee, 10 F.3d at 1550; Brown, 898 F.2d at 1570. "A wrong but

5

apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary ... unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." Lee, 10 F.3d at 1550 (quoting Brown, 898 F.2d at 1566-67.

Plaintiff's claim for benefits was denied for two reasons. First, the medical evidence before the committee did not show that plaintiff was totally and permanently disabled as that term is defined in the plan. Plaintiff failed to make any evidentiary submissions supporting his vehement protestations of disability. While the committee did have records showing repeated hospitalizations prior to his termination, the hospitalizations resulted from plaintiff's "excessive use of drugs or narcotics," including cocaine, marijuana, and other illicit substances. Because the plan excludes from the definition of disabilities conditions which relate to "excessive use of drugs," plaintiff has failed to propose an interpretation of the plan under which he would be entitled to disability benefits. Accordingly, the decision of the defendants was not arbitrary and capricious, and summary judgment is appropriate.

The second reason defendants denied plaintiff's claim was that his employment did not end "by reason of his having become totally and permanently disabled." Again, plaintiff has failed to document his claim of disability. Summary judgment is appropriate.

A judgment will be entered accordingly granting the motion for summary judgment.

DONE this 7th day of August 1998.

_____
SENIOR JUDGE